J-S69032-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| TYRONE THOMAS | : | |
| Appellant | : | No. 682 WDA 2017 |

Appeal from the PCRA Order May 1, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0002359-2011,
CP-02-CR-0004968-2010

BEFORE:   BOWES, J., RANSOM, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:            FILED NOVEMBER 21, 2017

Appellant, Tyrone Thomas, appeals from the order entered in the Court
of Common Pleas of Allegheny County dismissing his second petition filed
under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We
affirm.

This Court previously summarized the history of the case as follows:

> Following his arrest in connection with the March 14, 2010,
> shooting death of a retired firefighter, Mark Barry, Appellant was
> charged in the adult division of the trial court with criminal
> homicide, robbery, carrying a firearm without a license, and
> criminal conspiracy.   Additionally, following his arrest in
> connection with the March 21, 2010 shooting into the occupied
> residence of Portia Smithson, Appellant was charged in the adult
> division of the trial court with two counts of aggravated assault,
> four counts of recklessly endangering another person, one count
> of conspiracy, one count of discharging a firearm into an occupied
> structure, and one count of possessing a firearm by a minor.  Upon
> notice by the Commonwealth, the cases were joined, and on July

_____
*   Former Justice specially assigned to the Superior Court.

2, 2010, Appellant filed a counseled motion seeking to decertify the criminal proceedings and transfer the cases to the juvenile division.

Following a hearing on the matter, the trial court denied Appellant's motion to decertify the criminal proceedings, and on May 2, 2011, Appellant proceeded to a guilty plea hearing....

The Commonwealth, per the plea agreement, recommended an aggregate sentence of 40 to 80 years of imprisonment. The trial court accepted the plea and imposed the negotiated sentence. On direct appeal, this Court affirmed the trial court's denial of his decertification motion.

Appellant pro se filed a PCRA petition on October 15, 2013, but was subsequently granted leave by our Supreme Court to file a petition for allowance of appeal nunc pro tunc. The trial court initially appointed PCRA counsel, but later entered an order staying the PCRA action during the pendency of Appellant's direct appeal. Our Supreme Court denied Appellant's petition for allowance of appeal on April 4, 2014. Appellant filed another PCRA petition on May 6, 2014, stating substantially the same claims as in his original petition.

On September 2, 2014, PCRA counsel filed a motion to withdraw as counsel and a letter brief pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988) (en banc). On September 25, 2014, the PCRA court granted counsel leave to withdraw and issued a notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. On February 25, 2015, the PCRA court entered an order denying the petition.

Appellant timely filed a notice of appeal. The PCRA court did not order Appellant to file a statement of errors complained of on appeal, and none was filed. In lieu of filing an opinion pursuant to Pa.R.A.P. 1925(a), the PCRA court pointed to its notice of intent to dismiss for its reasons for denying Appellant's petition. On appeal, Appellant present[ed] this Court with several arguments that his guilty plea was induced by the ineffective assistance of plea counsel.

Commonwealth v. Thomas, No. 483 WDA 2015, unpublished memorandum at *1 (Pa. Super. filed Sept. 28, 2015). By order and memorandum decision of September 28, 2015, this Court rejected Appellant's claims on the merits and, accordingly, affirmed the order denying Appellant PCRA relief.

On December 28, 2016, Appellant filed this, his second, PCRA petition, in which he raised a claim under the newly-discovered fact exception to the PCRA's time requirement, namely, that his co-defendant had admitted in a sworn affidavit to having shot their robbery victim without Appellant's prior consent to, or knowledge of, such a plan. On February 9, 2017, the PCRA court filed a Pa.R.Crim.P. 907 Notice of Intent to Dismiss the petition on grounds that Appellant's claim merited no relief. On February 17, 2017, Appellant filed a response to the court's notice in which he reiterated that his guilty plea represented a miscarriage of justice given his co-defendant's assumption of sole responsibility for the murder of their robbery victim.

On May 1, 2017, the court entered its order dismissing Appellant's PCRA petition, relying on reasons set forth in its earlier Rule 907 Notice. Specifically, the PCRA court determined that co-defendant's affidavit did not support the Appellant's claim, as the facts alleged in the affidavit were nearly identical to the District Attorney's summarization of facts at the guilty plea hearing, facts that sufficiently established Appellant's guilt for purposes of his plea. This appeal followed.

Appellant's "Statement of Questions Involved" states the following:

I.     NEWLY DISCOVERED EVIDENCE [AFFIDAVIT].

> II.  PLEA OF GUILTY UNLAWFULLY INDUCED WHERE THE CIRCUMSTANCES MAKE IT LIKELY THAT THE INDUCEMENT CAUSED PETITIONER TO PLEAD GUILTY.

Appellant's brief at 2.[1]

We set forth our well-settled standard of review:

> On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level.

Commonwealth v. Lawrence, 165 A.3d 34, 40–41 (Pa. Super. 2017)

(internal citations, quotations, and brackets omitted).

Before this Court can address the substance of Appellant's claims, we must determine if this petition is timely.

> [The PCRA requires] a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. A judgment of sentence becomes final at the conclusion of direct review … or at the expiration of time for seeking review.
> …
>
> However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met.[2]   A petition

_____

[1] Although inordinately truncated, Appellant's first question presented does not warrant dismissal for noncompliance with Pa.R.A.P. 2116(a) (explaining statement of questions involved must define specific issues for review), where his argument section adequately develops the issue so as to permit meaningful judicial review.

invoking one of these exceptions must be filed within [60] days of the date the claim could first have been presented. In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the [60]-day timeframe.

Commonwealth v. Lawson, 90 A.3d 1, 4–5 (Pa. Super. 2014) (some internal citations omitted) (internal quotations omitted).

Here, Appellant's judgment of sentence became final 90 days after the Pennsylvania Supreme Court filed its April 4, 2014, order denying Appellant's petition for allowance of appeal. 42 Pa.C.S.A. § 9545(b)(3) (judgment of sentence becomes final at the conclusion of direct review or the expiration of time for seeking the review); Commonwealth v. Feliciano, 69 A.3d 1270,

_____

[2] (b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

- 5 -

1275 (Pa. Super. 2013) (defendant's judgment of sentence final ninety days after Pennsylvania Supreme Court denies allowance of appeal since defendant has ninety days thereafter to seek discretionary review with United States Supreme Court). Thus, generally, Appellant would have had to file the instant petition by July 3, 2015, for it to be timely.

Filed on December 28, 2016, Appellant's petition is patently untimely. Appellant, therefore, attempts to avoid the statutory one-year time-bar by invoking the "newly discovered fact" exception under Section 9545(b)(1)(ii), supra.

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned of the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts."

Commonwealth v. Brown, 111 A.3d 171, 176 (Pa. Super. 2015), (internal quotations and citations omitted), appeal denied, 125 A.3d 1197 (Pa. 2015).

"The function of a section 9545(b)(1)(ii) analysis is that of a gatekeeper. Its inquiry, therefore, is limited to considering only the existence of a previously unknown fact that would allow a petitioner to avoid the strict one-year time-bar." Commonwealth v. Cox, 146 A.3d 221, 229, n.11 (Pa. 2016). We, thus, limit our jurisdictional inquiry to considering whether the facts were unknown, and, if so, whether the defendant uncovered such facts

with due diligence, which "requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." Commonwealth v. Burton, 121 A.3d 1063, 1071 (Pa. Super. 2015) (en banc), aff'd, 2017 WL 1149203 (Pa. 2017).

Here, the alleged newly-discovered fact appeared in an affidavit written by Appellant's co-defendant, Cordell Brown, in which Brown states for the first time that although Appellant gave him the gun as they approached their intended robbery victim, Appellant did not know Brown would shoot the victim. Brown further claims in the affidavit that he lied to investigators when he implicated Appellant in the plan, since it was Appellant's gun and Brown did not want to spend the rest of his life in jail. According to Appellant, had Brown's statement been available to him prior to his guilty plea, he would have insisted on a jury trial, as the Commonwealth had used Brown's incriminating statement against Appellant to leverage a guilty plea.

As a prefatory matter, we observe that Cordell Brown's written affidavit is dated September 26, 2016, whereas Appellant filed the present PCRA petition more than 60 days later, on December 28, 2016. However, the envelope in which Brown's affidavit was mailed to Appellant at his prison address bore the date of December 16, 2016. We assume, arguendo, the envelope serves as proof that Appellant exercised due diligence in filing the present PCRA petition containing his newly discovered fact claim just twelve

days after receiving Brown's affidavit. We turn, then, to the contents of Brown's affidavit.

Appellant's claim is that the previously unknown "fact" alleged in the affidavit is that Appellant did not know Brown would use Appellant's gun to kill their robbery victim. Certainly, this "fact" must have been previously known to Appellant, as it involves his own state of mind at the time of the crime. Again, the focus of the "newly discovered fact" exception "is on the newly discovered facts, not on a newly discovered or newly willing source of previously known facts." Brown, supra, 111 A.3d at 176 (quotation omitted). It may be that Appellant did not learn of Brown's willingness to testify on Appellant's behalf until December 16, 2016, but the discovery of Brown's newfound willingness does not demonstrate that the "facts" alleged in Brown's affidavit—namely, that Appellant was unaware Brown would shoot their victim—were previously unknown to Appellant. Therefore, we find the PCRA court properly dismissed Appellant's petition for his failure to prove he qualified under Section 9545(b)(1)(ii)'s time-for-filing exception.[3]

Order is AFFIRMED.

_____

[3] Because Appellant's petition is untimely, we lack jurisdiction to reach the merits of the claims raised herein.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/21/2017